IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-73,721-01, WR-73,721-02 AND WR-73,721-03






EX PARTE KURT KEAZNER WALKER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. CR26962-A, CR26963-A AND CR26964-A 


IN THE 75TH JUDICIAL DISTRICT COURT FROM LIBERTY COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of indecency with a child, one charge of aggravated sexual assault of a child, and one count of sexual
assault of a child and was sentenced to ten years' imprisonment. He did not appeal his convictions.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to consult with him prior to trial, failed to discuss defensive strategies or options, failed to
appear for hearings, and left him no alternative but to plead guilty. Trial counsel has provided an
affidavit responding to Applicant's claims, and the trial court finds that the affidavit refutes
Applicant's habeas claims. However, the record is incomplete and somewhat contradictory with
respect to whether Applicant was properly advised of the nature of the charges, the applicable
punishment ranges, the rights he was waiving, and the consequences of his plea. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel, and may obtain an affidavit from the trial prosecutor stating
whether and when plea offers were made, and whether and when any such offers were accepted by
Applicant. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a complete copy of the plea hearing
transcript, and with copies of the plea documents, including any written admonishments, plea
agreements, stipulations and waivers. If any pre-trial motions or orders were filed in any or all of
these cases, the trial court shall supplement the record with copies of such documents. The trial
court shall make findings of fact as to whether Applicant's counsel communicated the State's plea
offer to Applicant prior to trial, and as to whether Applicant clearly rejected the plea offer. The trial
court shall make findings as to whether the case was set on October 6, 2008, for "guilty plea or
disposition" and October 27, 2008, for trial, and if so, what happened on October 6, 2008. The trial
court shall make findings as to whether the trial docket correctly reflects all of the settings and
proceedings in these cases. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 28, 2010

Do not publish